## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHUN WILLIAMS**                                                **CIVIL ACTION**

**versus**                                                      **NO. 07-6628**

**LYNN COOPER, WARDEN**                                          **SECTION: "T" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. <u>See</u> 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Shun Williams, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  On March 4, 1999, he was convicted of manslaughter in violation of La.Rev.Stat.Ann. § 14:31.[2]  On May 4, 1999, he was sentenced to a term of forty years imprisonment.[3]  On January 31, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence,[4] and the Louisiana Supreme Court denied a related writ application on January 11, 2002.[5]

On September 4, 2002, petitioner filed with the state district an application for post-conviction relief.[6]  That application was denied on or about March 17, 2005.[7]  Related writ

_____

[2] State Rec., Vol. II of IV, minute entry dated March 4, 1999; State Rec., Vol. II of IV, jury verdict form.

[3] State Rec., Vol. II of IV, transcript of May 4, 1999, p. 5; State Rec., Vol. II of IV, minute entry dated May 4, 1999.

[4] State v. Williams, 778 So.2d 1232 (La. App. 4th Cir. 2001) (No. 99-KA-1868); State Rec., Vol. II of IV.

[5] State v. Williams, 807 So.2d 227 (La. 2002) (No. 2001-KO-0731); State Rec., Vol. IV of IV.

[6] State Rec., Vol. I of IV.  Petitioner dated the application September 4, 2002; therefore, even under the state "mailbox rule," it cannot be considered to have been filed prior to that date.  See Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006) (federal courts must apply Louisiana's "mailbox rule" when determining the filing date for state court filings).

[7] State Rec., Vol. IV of IV, Judgment dated March 17, 2005.  The state district court had originally denied the application as untimely; however, the Louisiana Fourth Circuit Court of Appeal reversed that judgment and remanded the matter for the district court to consider the merits of petitioner's claims.  State v. Williams, No. 2004-K-2191 (La. App. 4th Cir. Jan. 31, 2005) (unpublished); State Rec., Vol. III of IV.

applications were then denied by the Louisiana Fourth Circuit Court of Appeal on May 10, 2005,[8]

and the Louisiana Supreme Court on March 31, 2006.[9]

On September 18, 2007, petitioner filed the instant federal application for *habeas*

*corpus* relief.[10]  In support of his application, petitioner raises the following claims:

1. Petitioner was indicted by a grand jury empaneled pursuant to a

   unconstitutional state law, and the trial court therefore lacked

   subject matter jurisdiction;

2. Petitioner's counsel was ineffective and labored under a conflict

   of interest; and

3. Petitioner's sentence is excessive.

The state argues that petitioner's federal application is untimely.[11]  The state is

correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established

a one-year statute of limitations for the filing of federal *habeas corpus* applications.  The method

for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

---

[8]  State v. Williams, No. 2005-K-0587 (La. App. 4th Cir. May 10, 2005) (unpublished); State Rec.,
Vol. IV of IV.

[9] State *ex rel.* Williams v. State, 925 So.2d 1248 (La. 2006) (No. 2005-KH-1886); State Rec.,
Vol. IV of IV.

[10]  Petitioner signed his application on September 18, 2007.  Rec. Doc. 1.  That date represents
the earliest date that petitioner could have presented his application to prison officials for mailing
and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for
statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[11]  Rec. Doc. 9.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Reviewing petitioner's application, the Court finds that subsections (B), (C), and (D) are clearly inapplicable.

As to subsection (B), there is no allegation that petitioner's ability to file a post-conviction application was impeded by any action of the State.

As to subsection (C), that subsection delays the commencement of the statute of limitations when a petitioner's claims involve a newly recognized constitutional right.  In the instant case, the Court notes that two of petitioner's claims are based on the decision in State v. Dilosa, 848 So.2d 546 (La. 2003), in which the Louisiana Supreme Court held that Louisiana laws establishing a unique method for the selection of the grand jury venire and foreperson in Orleans Parish violated La. Const. art. III, § 12(A), which prohibits the passage of local laws concerning criminal actions.  However, because Dilosa was a decision of the *Louisiana* Supreme Court and concerned only a *state* constitutional provision, it is irrelevant to tolling under subsection (C), which delays the AEDPA's

statute of limitations only where the *United States* Supreme Court has newly recognized a *federal* constitutional right. Davis v. Jones, Civil Action No. 05-5524, 2006 WL 1540114, at *2 (E.D. La. May 31, 2006); see also Heard v. Cain, Civil Action No. 06-3207, 2007 WL 763691, at *3 n.19 (E.D. La. Mar. 9, 2007); Haish v. LeBlanc, Civil Action No. 05-2727, 2006 WL 3692752, at *2 n.9 (E.D. La. Dec. 11, 2006); Monroe v. Cain, Civil Action No. 05-5718, 2006 WL 2883049, at *2 n.12 (E.D. La. Oct. 5, 2006); Juarbe v. Cain, Civil Action No. 06-513, 2006 WL 2849859, at *2 n.21 (E.D. La. Sept. 29, 2006).

As to subsection (D), that subsection delays the commencement of the statute of limitations until the date on which the factual predicate of petitioner's claims could have been discovered through the exercise of due diligence. For the following reasons, the Court finds that subsection is likewise inapplicable.

First, although two of petitioner's claims are premised on the Louisiana Supreme Court's Dilosa decision, that decision cannot serve as the *factual,* as opposed to the legal, predicate for his claims. Haish, 2006 WL 3692752, at *2. As another federal court has noted: "If a state court clarifies or changes state law in a case in which the federal habeas petitioner was not a party, and that subsequent legal determination is deemed a 'factual predicate,' then 'factual' would be meaningless." Lo v. Endicott, No. 04-C-0133, 2005 WL 2491465, at *1 (E.D. Wis. Oct. 6, 2005), aff'd, No. 06-3948, 2007 WL 3120099 (7th Cir. Oct. 26, 2007).

Second, another of petitioner's claims involves the purported conflict of interest created by the fact that the Orleans Parish Criminal District Court supplemented the pay of the public defender. Even if that arrangement could be considered the "factual predicate" of the claim, the arrangement came to light in 2001 according to the newspaper article petitioner attached to his

federal application.  Therefore, subsection (D) would not have delayed the commencement of the limitations period because that "factual predicate" could have been discovered even before petitioner's conviction became final.

Accordingly, subsection (A) is applicable in the instant case.  As noted, that subsection provides that a petitioner's federal application must be filed within one (1) year of the date on which the petitioner's underlying criminal judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  In the instant case, on January 11, 2002, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction.  Therefore, under § 2244(d)(1)(A), petitioner's underlying criminal judgment became "final" ninety (90) days later, i.e. on April 11, 2002, when his period expired for seeking a writ of certiorari from the United States Supreme Court.  See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1).  Accordingly, his one-year period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).

One hundred forty-five (145) days of petitioner's limitations period elapsed prior to being tolled by the filing of his post-conviction application on September 4, 2002.  Although that

application was denied on March 17, 2005, tolling continued uninterrupted until the Louisiana Supreme Court denied the related writ application on March 31, 2006. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004).[12]

When the statute of limitations resumed running at that point, two hundred twenty (220) days of the limitations period remained. Accordingly, petitioner had only until November 6, 2006, to file his federal application, unless that deadline was again extended by further tolling. Because petitioner had no state applications pending at any time between April 1, 2006, and November 6, 2006, he clearly is not entitled to further statutory tolling.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

In the instant case, petitioner contends that he did not receive notice of the Louisiana Supreme Court's decision of March 31, 2006, until April 17, 2007.[13] This Court notes that the

---

[12]    A petitioner receives no tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007); Ott, 192 F.3d at 512.

[13]   Rec. Doc. 1, supporting memorandum, p. 1.

United States Fifth Circuit Court of Appeals has held that equitable tolling may be justified when a petitioner has failed to receive timely notice of an adverse state court ruling. <u>Phillips v. Donnelly</u>, 216 F.3d 508 (5th Cir.), *modified on partial reh'g on other grounds*, 223 F.3d 797 (5th Cir. 2000). However, citing <u>Phillips</u>, the Fifth Circuit has also clearly held that such "[e]quitable tolling is for parties who proceed with 'diligence and alacrity.'" <u>Gutierrez v. Cockrell</u>, 45 Fed. App'x 321 (5th Cir. 2002); <u>see also</u> <u>Alexander</u>, 294 F.3d at 629 (equitable tolling "will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254"). In the instant case, petitioner has not shown such diligence and alacrity. Even if petitioner first received notice of the Louisiana Supreme Court's decision on April 17, 2007, as he alleges, he then took no action for an extended period. Rather than proceeding directly to federal court with haste at that point, he waited an additional *five months* before filing his federal application on September 18, 2007. It is well established that equitable tolling is not intended for those who, like petitioner, "sleep on their rights." <u>See</u> <u>Fisher v. Johnson</u>, 174 F.3d 710, 715 (5th Cir. 1999); <u>see also</u> <u>Coleman</u>, 184 F.3d at 403 (equitable tolling unwarranted based on six-month delay before filing of federal petition). Therefore, even if petitioner's allegations regarding the delayed receipt of the state court decision are true, equitable tolling is unwarranted in this case due to his own lack of diligence in pursuing federal relief.[14]

---

[14]  The Court also notes that petitioner did not exercise diligence with respect to his Louisiana Supreme Court writ application. Petitioner filed that writ application in June of 2005; however, he apparently waited almost two years, until April of 2007, to inquire about its status. Prolonged delays in inquiring as to the status of state applications can render equitable tolling unwarranted. <u>See</u> <u>Lewis v. Cockrell</u>, No. 00-50811, 2001 WL 1267701, at *3 (5th Cir. Oct. 15, 2001).

In light of the foregoing, the Court concludes that petitioner's federal application was untimely when filed on September 18, 2007.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Shun Williams be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of December, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**