UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHUN WILLIAMS                                  CIVIL ACTION

VERSUS                                         NO. 07-6628

LYNN COOPER                                    SECTION "B"(6)

## ORDER AND REASONS

Petitioner Shun Williams' request for issuance of a writ of habeas corpus under 28 U.S.C. §2254 is hereby **DENIED** for the following reasons.

**Cause of Action and Facts of Case**:

Shun Williams ("Petitioner") was convicted of manslaughter, in violation of La.Rev.Stat.Ann § 14:31, on March 4, 1999, and sentenced to forty (40) years imprisonment on May 4, 1999. The Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence on January 31, 2001. On January 11, 2002, the Louisiana Supreme Court denied his writ application. Petitioner filed a petition for post conviction relief on September 4, 2002, which was denied on March 17, 2005. The petition was subsequently denied by the Louisiana Fourth Circuit on May 10, 2005, and the Louisiana Supreme Court on March 31, 2006. Nevertheless, petitioner contends that he did not receive written notice of the adverse decision of the Louisiana Supreme Court, despite several requests, until April 17, 2007. Petitioner then filed a federal writ of habeas corpus, on September 18, 2007, contending: "[1] Petitioner was indicted by a grand jury empaneled pursuant to an

unconstitutional state law, and the trial court therefore lacked subject matter jurisdiction; [2] [p]etitioner's counsel was ineffective and labored under a conflict of interest; and [3] [p]etitioner's sentence is excessive."

The State argued that the petition was untimely, and thus it was unnecessary to address the merits of the claims. The Magistrate Judge agreed, and has thus recommended that the petition be dismissed with prejudice.    Petitioner objects to that recommendation.[1]

The AEDPA established a one-year statute of limitations for filing a federal writ of habeas corpus. The means by which to calculate this one-year period is enumerated in 28 U.S.C. § 2244(d)(1). The statute of limitations can toll in certain circumstances. See 28 U.S.C. § 2244(d)(2).   The statute of limitations can toll in a way not enumerated in § 2244(d)(2), such as through equitable tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998); see also Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); Pace, 544 U.S. at 418. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). In Phillips v. Donnelly, the court determined that

---

[1] Objections to Magistrate Judge's Report and Recommendation (hereinafter "Objections"), pgs. 2, 7 (Record Document No. 12).

equitable tolling may be justified in circumstances where the petitioner was not notified of the court's decision. 216 F.3d 508, 511 (5th Cir. 2000) (citing <u>Fisher</u>, 174 F.3d at 715). Nevertheless, equitable tolling "will not be applied where the applicant failed to diligently pursue habeas corpus relief under § 2254." <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002).

In the present case, petitioner's claim that he is entitled to equitable tolling lacks merit. The one-year statute of limitations began to run on April 11, 2002, when the period for seeking a writ of certiorari from the United States Supreme Court expired. <u>See</u> <u>Roberts</u>, 319 F.3d at 694; <u>Ott</u>, 192 F.3d at 510. Petitioner allowed one-hundred and forty-five (145) days to run before tolling the statute of limitations by filing an application for post conviction relief. <u>See</u> 28 U.S.C. § 2244(d)(2). Nonetheless, the statute of limitations began to re-run on March 31, 2006, when the petition for post conviction relief was denied by the Louisiana Supreme Court. Petitioner maintains that the statute of limitations should be equitably tolled because he did not receive written notice of the Louisiana Supreme Court's decision until April 17, 2007.

If petitioner would have diligently filed his federal writ of habeas corpus after receiving notice on April 17, 2007, he would be entitled to equitable tolling. However, he is not entitled to equitable tolling because he failed to proceed with diligence. The petitioner correctly identifies that in circumstances such as this,

3

where a state Supreme Court fails to notify, he may be entitled to equitable tolling. <u>See</u> <u>Phillips</u>, 216 F.3d at 511. Nevertheless, after receiving notice of the adverse decision by the Louisiana Supreme Court on April 17, 2007, he waited an additional five (5) months before filing his federal writ of habeas corpus on September 18, 2007. The decision to wait five (5) months before filing can hardly be considered diligence, and thus equitable tolling does not apply. <u>See</u> <u>Alexander</u>, 294 F.3d at 629; <u>see</u> <u>also</u> <u>Coleman</u>, 184 F.3d at 403 (equitable tolling unwarranted based on six-month delay before filing of federal petition). Noticeable also is petitioner's delay of almost two years before attempting in April 2007 to inquire about his June 2005 writ application to the Louisiana Supreme Court. Untimely status inquiries by habeas petitioners do not warrant equitable tolling. <u>See</u> <u>Lewis v.</u> <u>Cockrell</u>, 2001 WL 1267701, at *3 (5th Cir. 2001).

For the aforementioned reasons, Petitioner's federal habeas petition was untimely filed on September 18, 2007. Accordingly,

**IT IS ORDERED** that Petitioner's §2254 habeas corpus petition be **DENIED.**

New Orleans, Louisiana this 22nd day of August, 2008.

_____
UNITED STATES DISTRICT JUDGE